Pankaj Raval, California State Bar No. 273973
CARBON LAW GROUP, P.C.
1001 Wilshire Blvd, Suite 100 #3200
Los Angeles, CA 90017
Telephone Number: (323) 543-4453

Attorney for Plaintiff
SOCIAL HOUSE, INC.

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL HOUSE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOCIAL STYLE HOUSE, LLC, <br><br> Defendant. | 2:23-cv-8155 <br><br> **COMPLAINT FOR** <br><br> 1. **Trademark Infringement (15 U.S.C. § 1114(1))** <br> 2. **Unfair Competition, False Designation of Origin and False Description (Lanham Act § 43(a), 15 U.S.C. §1125 (a))** <br> 3. **Dilution (Lanham Act § 43(c), 15 U.S.C. §1125 (c))** <br> 4. **Trademark Infringement (Cal. Bus. & Prof. Code § 14245 and Common Law)** <br> 5. **Dilution (Cal. Bus. & Prof. Code § 14247 and Common Law)** <br> 6. **Unfair Competition (Cal. Bus. & Prof. Code § 17200)** <br><br> [JURY TRIAL DEMANDED] |

Plaintiff SOCIAL HOUSE, INC ("Plaintiff"), through its attorney, Carbon Law Group, PC, for its Complaint against defendant SOCIAL STYLE HOUSE, LLC ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for infringement of the Plaintiff's federally registered service marks "SOCIAL HOUSE" with Registration Nos. 4,591,018 and 4,683,419 under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition. false designation of origin, and

1
COMPLAINT FOR TRADEMARK INFRINGEMENT

false description under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of trademark infringement, dilution, unfair competition under the statutory and common laws of the State of California, all arising from the Defendant's unauthorized use of the Social House Marks (defined below) in connection with the marketing, advertising, promotion, offering for sale, and sale of Defendant's digital marketing, social media management, advertising and content creation services.

2. Plaintiff sues to protect the substantial goodwill in the Social House Marks. Plaintiff's date of first use in the Social House Marks dates back to 2009 when the mark and its associated goodwill were acquired. The Social House Marks have gained widespread association as a nationally recognized digital marketing agency.

3. The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate are being undermined by Defendant's actions. Defendant has used and continues to use its SOCIAL STYLE HOUSE mark, which is confusingly similar to Plaintiff's SOCIAL HOUSE marks, to provide virtually identical services to many of the same consumers served by Plaintiff. Unless Defendant is enjoined from using its SOCIAL STYLE HOUSE mark, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff.

4. Plaintiff seeks injunctive relief, damages, and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition.

**JURISDICTION**

5. This court has jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and under the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

**VENUE**

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because Defendant resides in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

7. Plaintiff Social House, Inc., is a corporation incorporated in California and has its principal place of business in Los Angeles, California.

8. Upon information and belief, Defendant a limited liability company formed under the laws of California and does business in Los Angeles, California. Upon information and belief, Defendant has two members: Jake Kahane is a citizen of California; Millie Kahane is a citizen of California.

**FACTS**

A. <u>Plaintiff and its Marks</u>

9. Plaintiff is a strategic digital marketing company and original content developer for fashion, beauty, and lifestyle brands around the world.

10. Plaintiff is the owner of valid and subsisting United States Service Marks Registration Nos. 4,591,018 and 4,683,419 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for "SOCIAL HOUSE" ("Social House Marks") for marketing, advertising and marketing and strategy consulting in the field of social media services; and for consulting services regarding usage of social media tools and social media outlets in the field of marketing; consulting services regarding social media strategy, promotion creation and implementation in the field of marketing; consulting services regarding metrics and analysis in the field of marketing; online social media representative public relations agency services; media monitoring, namely, monitoring of blogs, social networks, and online forums for business marketing purposes; consulting services relating to business management, which

have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 1 is a true and correct copy of the registration certificates and maintenance records for Plaintiff's United States Service Mark Registration Nos. 4,591,018 and 4,683,419, issued by the USPTO on August 26, 2014, and February 10, 2015.

11. Plaintiff has used the Social House Marks in commerce throughout the United States continuously since May 2011 in connection with the marketing, advertising, promotion, offering for sale, and sale of Plaintiff's marketing, advertising, and social media marketing and strategy consulting services. Attached as Exhibit 2 are screenshots of representative samples of webpages showing Plaintiff's use of the Social House Marks in connection with these services.

12. Because of Plaintiff's widespread, continuous, and exclusive use of the Social House Marks to identify the Plaintiff's services, Plaintiff owns valid and subsisting federal statutory and common law rights to the Social House Marks.

13. Plaintiff's Social House Marks are distinctive to both the consuming public and Plaintiff's trade.

14. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the services sold under the Social House Marks including through its website, social media platforms, paid media advertising, public certifications, trade shows, PR, speaking engagements, and branded merchandise. During the period from December 1, 2021, to September 25, 2023, alone, Plaintiff has expended approximately seventy-six thousand US Dollars ($76,000) on the marketing, advertising, and promotion of the services sold under the Social House Marks.

15. Plaintiff offers and sells its services under the Social House Marks to beauty, fashion, and lifestyle brands. Plaintiff applies its proprietary TriVision Approach to help its clients to influence opinions, shape purchase decisions, and enhance brand affinity.

16. Because of Plaintiff's expenditures and efforts, the Social House Marks signify the high quality of the digital marketing and advertising consulting designated by the Social House Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

17. Plaintiff's Social House Marks and the services offered thereunder have received significant unsolicited coverage in various media, including by VoyageLA, WBEC, Social Media Week, AdWeek, and Beauty Business Roundtable.

18. Because of its distinctiveness and widespread use and promotion throughout the United States, Plaintiff's Social House Marks are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous before the infringing acts of the Defendant took place.

19. Plaintiff has scrupulously and successfully enforced and protected its Social House Marks against past infringements. For example, Plaintiff has successfully stopped the use of the name confusingly similar brand, "SOCIAL HOUSE BRANDING".

B. Defendant's Unlawful Activities

20. Upon information and belief, Defendant is engaged in social media marketing and advertising services.

21. Without Plaintiff's authorization, and upon information and belief, beginning in 2016, after Plaintiff acquired protectable exclusive rights in its Social House Marks, Defendant adopted and began using the mark SOCIAL STYLE HOUSE (the "Infringing Mark") in commerce in the United States.

22. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's Social House Marks, with the only difference being the additional term "Style" in the Infringing Mark.

23. Upon information and belief, Defendant has been engaged in the advertising, promotion, offering for sale, and sale of social media marketing and advertising services using the Infringing Mark throughout the United States. Attached as Exhibit 3 are true and correct screenshots of representative samples of webpages showing Defendant's use of the Infringing Mark.

24. Upon information and belief, the services Defendant has marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are highly similar, if not identical, to the services Plaintiff provides to its customers.

25. Upon information and belief, Defendant has marketed, advertised, promoted, offered for sale, and sold its services under the Infringing Mark through their website and various social media platforms.

26. Upon information and belief, Defendant has marketed, advertised, and promoted its services under the Infringing Mark through overlapping trade channels as the Plaintiff.

27. Upon information and belief, Defendant offers and sells its services under the Infringing Mark to "businesses from all industries," including brands in the beauty, fashion, and lifestyle industries that are Plaintiff's target customers.

28. On October 30, 2020, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Attached as Exhibit 4 is a true and correct copy of Plaintiff's counsel's October 30, 2020, cease and desist letter to Defendant.

29. To date, Plaintiff has received no confirmation that Defendant has complied with the demands set out in Plaintiff's cease and desist letter.

30. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's services and have and are likely to deceive the relevant consuming

public into believing, mistakenly, that Defendant's services originate from, are associated, or affiliated with, or otherwise authorized by Plaintiff.

31. Defendant's infringing acts as alleged herein have resulted in actual confusion as evidenced by email correspondence between Plaintiff and Plaintiff's client, attached as Exhibit 5 is a true and correct copy of the relevant email.

32. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Social House Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's services to Defendant.

33. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE

### Federal Service Mark Infringement

### (15 U.S.C. § 1114(1))

34. Plaintiff repeats and realleges paragraphs 1 through 33 hereof, as if fully set forth herein.

35. Defendant's unauthorized use of the Infringing Mark in commerce as alleged herein infringes upon Plaintiff's registered trademarks, is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is affiliated with Plaintiff. Defendant's conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

7
COMPLAINT FOR TRADEMARK INFRINGEMENT

36. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Social House Marks and with the willful intent to cause confusion, mistake, or deception, and trade on Plaintiff's goodwill.

37. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public. Unless enjoined by this court, Plaintiff has no adequate remedy at law.

38. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO

### Federal Unfair Competition

### (15 U.S.C. § 1125(a))

39. Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to the fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is affiliated with or sponsored by Plaintiff.

41. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

42. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

43. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public. Unless enjoined by this court, Plaintiff has no adequate remedy at law.

45. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE

### Federal Service Mark Dilution

### (15 U.S.C. § 1125(c))

46. Plaintiff repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

47. Plaintiff's Social House Marks are distinctive and "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48. Plaintiff's Social House Marks became distinctive and famous before the Defendant's acts as alleged herein.

49. Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Social House Marks.

50. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's Social House Marks by undermining and damaging the valuable goodwill associated therewith.

51. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have caused Plaintiff irreparable damage, and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

52. Plaintiff is entitled to, among other relief, an award of actual damages, the Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT FOUR

### California Common and Statutory Law Trademark Infringement

### (California Business & Professions Code § 14245)

53. Plaintiff repeats and realleges paragraphs 1 through 52 hereof, as if fully set forth herein.

54. Plaintiff is the owner of the federally registered Social House Marks. The general consuming public of California widely recognizes Plaintiff's Social House Marks as designating Plaintiff as the source of services. As such, Plaintiff also has common law trademark rights in the Social House Marks under California law.

55. Defendant has used the Infringing Mark in connection with advertising and offering its services, which are highly similar if not identical to the services the Plaintiff offers,

for sale. Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's services to the detriment of Plaintiff.

56. Defendant's wrongful activities in the State of California have caused Plaintiff irreparable injury. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendant will continue and expand those activities and cause continued and irreparable injury to Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's Social House Marks and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendant's and its agents, employees, and all persons acting thereunder, with, or on their behalf, from using in commerce the Infringing Mark or any colorable imitation of the Social House Marks.

57. Plaintiff is also entitled to recover (i) Defendant's profits, (ii) Plaintiff's ascertainable damages, and (iii) Plaintiff's costs of suit. Defendant's willful use of Plaintiff's Social House Marks without excuse or justification entitles Plaintiff to its reasonable attorney fees.

## COUNT FIVE

### California Common and Statutory Law Dilution

### (California Business & Professions Code § 14247)

58. Plaintiff repeats and realleges paragraphs 1 through 57 hereof, as if fully set forth herein.

59. Defendant's use in commerce of the Infringing Mark as alleged herein has diluted, and on information and belief will continue to dilute, unless enjoined, the famous and distinctive quality of Plaintiff's famous Social House Marks.

60. Defendant's wrongful activities in the State of California have caused Plaintiff irreparable injury. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendant will continue to expand those activities and cause continued and irreparable injury to Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's Social House Marks and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendant and its agents, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the Infringing Mark or any colorable imitation of the Social House Marks.

## COUNT SIX

### California Unfair Competition

### (California Business & Professions Code §§17200 et seq.)

61. Plaintiff repeats and realleges paragraphs 1 through 60 hereof, as if fully set forth herein.

62. Defendant's acts as alleged herein constitute unlawful and unfair business practices in violation of the California Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code §§17200 et seq.

63. Defendant's acts are unlawful under UCL because the Defendant's use of the Infringing Mark deceptively suggests that its services emanate from the same source as the Plaintiff's and misleads consumers to believe that there is a connection between the Defendant's and the Plaintiff's business.

64. Defendant's acts have caused actual confusion among Plaintiff's customers.

65. Defendant's wrongful activities of unfair competition in the State of California have caused the Plaintiff irreparable injury. Plaintiff is informed and believes that unless said

12
COMPLAINT FOR TRADEMARK INFRINGEMENT

conduct is enjoined by this Court, Defendant will continue to expand those activities and cause continued and irreparable injury to Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's Social House Marks and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendant and its agents, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the Infringing Mark or any colorable imitation of the Social House Marks.

As a direct and proximate result of Defendant's statutory unfair competition, Defendant has been unjustly enriched in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114(1)); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2. That Defendant has infringed Plaintiff's Common Law trademark rights, violated Cal. Bus. & Prof. Code §§ 14330 et seq. and §§17200 et seq.

3. Granting an injunction temporarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. providing, selling, marketing, advertising, promoting, or authorizing any third party to distribute, sell, market, advertise or promote Defendant's social media marketing and advertising services bearing the mark SOCIAL STYLE HOUSE or any other mark that

is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's federally registered Social House Marks;

b.   engaging in any activity that infringes Plaintiff's rights in its Social House Marks;

c.   engaging in any activity constituting unfair competition with Plaintiff;

d.   engaging in any activity likely to dilute the distinctiveness of Plaintiff's Social House Marks;

e.   making or displaying any statement, representation, or depiction likely to lead the public or the trade to believe that (i) Defendant's services are approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

f.   using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g.   registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark "Social Style House" or any other mark that infringes or is likely to be confused with Plaintiff's Social House Marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

h.   aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

5. Directing Defendant to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Social House Marks.

6. Directing Defendant to request all distributors, retailers, wholesalers, and other individuals and establishments located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Social House Marks, and to immediately remove them from public access and view.

7. Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark Social Style House or any mark consisting of, incorporating, or containing Plaintiff's Social House Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8. Directing under Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction, or such extended period as the court may direct, a report in writing under oath, setting forth the form in which Defendant has complied therewith.

9. Under 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, have to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation.

10. Under 15 U.S.C. § 1119, enjoining the Director of the USPTO from issuing to Defendant any trademark registration for Infringing Mark or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with the Social House Marks.

11. Awarding Plaintiff all damages it sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, under Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts under Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced to compensate Plaintiff for the damages caused thereby.

13. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14. Declaring that this is an exceptional case under Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

16. Awarding such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: September 28, 2023 | Respectfully submitted, |
|  | /s/ Pankaj Raval |
|  | Pankaj Raval |
|  | Carbon Law Group, APLC |
|  | *Attorney for Social House, Inc.* |
|  | 1001 Wilshire Blvd. Ste 100 #3200 |
|  | Los Angeles, CA 90017 |
|  | O: (323) 543-4453 |
|  | p@carbonlg.com |